**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ENRIQUE DIAZ, | No. 15-15409 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-04575-BLF |
| v. | |
| J. STEVENSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN Circuit Judges.

California state prisoner Enrique Diaz appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging due process violations

arising out of his disciplinary hearing.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(c).  *Dworkin v.*

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Diaz's due process claim because Diaz failed to allege facts sufficient to show that the disciplinary board's findings were not supported by some evidence. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports the disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings).

To the extent that Diaz alleged that he did not receive notice of the charge prior to his placement in administrative segregation, dismissal was proper because Diaz failed to allege facts sufficient to show that defendants failed to provide him with proper notice of the charge against him. *See Hewitt v. Helms*, 459 U.S. 460, 476 & n.8 (1983) (due process requirements for placement in administrative segregation), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

We reject Diaz's contentions that the district court erred in not providing *Rand* notice because the district court may consider documents that the complaint necessarily relies on without converting a motion to dismiss into a motion for

summary judgment where the authenticity of the documents are not contested. *See*

*Lee v. County. of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**AFFIRMED.**